UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAISY MARCELLETTI; MARJORIE
GUERRERO, and all others similarly
situated,

       Plaintiffs,

v.                                          CASE NO. 3:11-cv-244-J-34JBT

STELLAR GROUP, INC.; RONALD H.
FOSTER, JR., individually; MICHAEL
S. SANTARONE, individually; SCOTT
V. WITT, individually,

       Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law ("the Joint Motion") (Doc. 8), as supplemented by the Joint Notice Pursuant to the Court's June 3, 2011 Order ("the Joint Notice") (Doc. 11).[2] The Court has reviewed the filings in this case and finds that there is no need for

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] Pursuant to the Court's Order of Administrative Closure and Reference, the undersigned shall prepare a report and recommendation "as to whether [the parties' proposed] settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. 9 (citation omitted).)

1

a hearing. For the reasons stated herein, the Court recommends that the Joint Motion be granted and the settlement be approved.

**I.  Introduction**

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1.) Plaintiffs, Daisy Marcelletti and Marjorie Guerrero,[3] seek to recover overtime compensation, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and declaratory relief. (*Id*.) Defendants denied, and continue to deny, that Plaintiffs were entitled to any of the damages or relief sought (Doc 8.)

On May 16, 2011, the parties executed a settlement agreement, providing that Defendants would pay Marcelletti the total sum of $12,000.00, which represents $8,000.00 (less all lawful deductions) payable to Marcelletti as unpaid wages and liquidated damages and $4,000.00 payable to Marcelletti's attorney for attorney's fees and costs. (Doc. 8-1 at 4; Doc. 11 at 2-3.) The agreement also provides that Defendants would pay Guerrero the total sum of $3,000.00, which represents $2,000.00 (less all lawful deductions) payable to Guerrero as unpaid wages and liquidated damages and $1,000.00 payable to Guerrero's attorney for attorney's fees and costs.

---

[3] Although Plaintiffs filed this case on behalf of "all others similarly situated" (Doc. 1), the record reflects that Plaintiffs have not established that the proposed class is similarly situated, *see* 20 U.S.C. § 216(b); *see also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individual has joined in this case as a party.

2

(Doc. 8-1 at 4-5; Doc. 11 at 2.)[4]

On May 16, 2011, the parties filed the Joint Motion, in which "[t]he parties dispute whether any liability exists in the instant action." (Doc. 8 at 4.) "Regarding Guerrero, the parties disagree as to whether a two (2) or three (3) year statute of limitations will apply to the claims made by Guerrero." (Doc. 8 at 3.) As to Marcelletti, the parties represent that "there is a bona fide dispute as to whether Marcelletti was fully compensated for her overtime hours worked." (*Id.*) The parties assert that "the settlement is fair and reasonable." (*Id.* at 4.)

On June 24, 2011, the parties supplemented the Joint Motion by filing the Joint Notice. (Doc. 11.) In regard to Marcelletti's alleged damages, the parties explained:

> Marcelletti claims her dates of employment at Stellar were December 2007 through April 2010 with an ending pay rate of $16.05 per hour. She alleges that she is owed 200 hours of overtime at a rate of $24.08 per hour plus liquidated damages. Based on those numbers, Marcelletti has calculated that the amount of overtime allegedly due is $4,815.00.

(*Id.* at 1.) In regard to Guerrero's alleged damages, the parties explained: "Guerrero alleges her dates of employment at Stellar were November 2006 through April 2008 with an ending pay rate of $19.07 per hour. She alleges she is owed 160 hours of overtime at a rate of $28.60 per hour plus liquidated damages." (*Id.* at 2.)[5] The parties

---

[4] The Court notes that, in the Joint Notice, the parties state that "Guerrero has agreed to settle this case in full for $4,000.00, including attorney's fees and costs, which represent $1,000.00 of the total settlement amount." (Doc. 11.) However, given that the settlement agreement states that Guerrero will receive a total of $3,000.00 (Doc. 8-1 at 4-5), the Court will assume that the inconsistent statement in the Joint Notice is a mistake and that the settlement agreement is correct for purposes of the analysis contained herein.

[5] Based on these numbers, the total amount owed to Guerrero for unpaid overtime wages would be $4,576.00.

provided explanations for the compromises ultimately reached. They explained that the parties dispute which statute of limitations applies to Plaintiffs' claims, but in any case, some of the allegedly unpaid overtime wages would not be recoverable. (*Id.* at 2-3.) The parties stated that they "have fully complied with the bifurcated method of settlement endorsed by *Bonetti v. Embarq Management Company*, and Plaintiffs' attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiffs." (*Id.* at 3.) Finally, the parties filed Plaintiffs' attorney's time and cost records for the Court's review. (Doc. 11-1.)

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an

employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis*

*v. Taylor Morrison, Inc.*, 3:09-CV-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Analysis

In this case, the parties represent and agree that there is a bona fide dispute as to whether Plaintiffs were fully compensated for their overtime hours worked. (Doc. 8.) The parties agree that the settlement reached represents a reasonable compromise of the disputed issues. (*Id.*) With respect to Plaintiffs' unpaid wages and liquidated damages, a compromise was reached in light of the dispute over the applicable statute of limitations, and based on the parties' decision that "it is in their best interests to resolve this matter and avoid protracted litigation. (*Id.*)

As explained in the Joint Notice, the amounts initially sought by Plaintiffs as unpaid wages were based on the assumption that all of the wages for their allegedly unpaid overtime hours are recoverable. (Doc. 11.) However, it appears that some of the damages initially sought by Plaintiffs would be unrecoverable pursuant to the statute of limitations. For FLSA claims arising out of "a willful violation," a three-year statute of limitations applies. 29 U.S.C. § 255(a). For all other FLSA claims, a two-year statute of limitations applies. *Id.* Plaintiffs filed the Complaint in this case on March 14, 2011. (Doc. 1.) Thus, assuming that the two-year statute of limitations applies, any unpaid wages accruing prior to March 14, 2009 would be unrecoverable. Assuming that the three-year statute of limitations applies, any unpaid wages accruing prior to March 14, 2008 would be unrecoverable. The parties dispute which statute of limitations applies to Plaintiffs' claims. (Doc. 8 at 3.)

As stated in the Joint Notice, "Marcelletti claims to be owed 200 hours of overtime compensation from December 2007 through April 2010." (Doc. 11 at 2.) Thus, assuming that the two-year statute of limitations applies, approximately fifteen months of the twenty-eight month period alleged by Marcelletti would fall outside of the statute of limitations. Assuming that the three-year statute of limitations applies, approximately three months of the alleged period would fall outside of the statute of limitations.

"Guerrero claims to be owed 160 hours of overtime compensation from November 2006 through April 2008." (Doc. 11 at 3.) Thus, assuming that the two-year statute of limitations applies, Guerrero's entire claim would be time barred. Assuming that the three-year statute of limitations applies, approximately sixteen months of the seventeen-month period alleged by Guerrero would fall outside of the statute of limitations.

The Court has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. The Court notes that Guerrero's compromise under the settlement agreement is much more significant than Marcelletti's. (*See* Doc. 8-1; Doc. 11 at 1-2.) However, this disparity is justified, as explained above, because the statute of limitations poses a much more significant problem for Guerrero's FLSA claim than it does for Marcelletti's. Nonetheless, it appears that the statute of limitations, whichever one applies, would also bar recovery of at least some of the unpaid wages

sought by Marcelletti.   Moreover, there are bona fide disputes regarding whether Plaintiffs were fully compensated for all overtime hours worked.   (Doc. 8 at 3.)   In addition, both Plaintiffs are represented by an attorney.  In light of these circumstances, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.  This finding is, however, subject to revision based on the Court's analysis of the attorney fee issues.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351.  Moreover, because the parties complied with *Bonetti*, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recoveries were adversely affected by the amount of attorney's fees and costs to be paid to their counsel.

The Court has already concluded that the settlement appears reasonable.  In addition, there is no reason to believe that the compromises over Plaintiffs' recoveries were adversely affected by the attorney's fee agreed upon for each Plaintiff. Accordingly, the Court has not conducted an in-depth analysis of the fees and costs. The Court has reviewed Plaintiffs' attorney's time and cost records (Doc. 11-1), and the

Court finds that the total award sought for fees and costs is not patently unreasonable.[6]

It also appears that Plaintiffs' counsel is being adequately compensated.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 8**) be **GRANTED.**

2. The Settlement Agreement and Release (**Doc. 8-1**) be **APPROVED.**

3. The case be **DISMISSED WITH PREJUDICE.**

4. The Clerk of Court be **DIRECTED** to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on July 25, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[6] Accordingly, the Court's recommendation that the parties' proposed settlement be approved does not reflect a determination that the hourly rate charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.